Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 558 | **DATE** | 9/2/2003 |
| **CASE TITLE** | MICKEY R. GRAYSON vs. CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The City of Chicago's Bill of Costs is granted in part and denied in part. The City of Chicago is awarded a total of $2,145.25.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | SEP 03 2003 | | |
| | Notified counsel by telephone. | | date docketed | | 72 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | | |
| | Copy to judge/magistrate judge. | | | | |
| | | 03 SEP -2 PM 6:25 | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICKEY R. GRAYSON, )
)
Plaintiff, )
) No. 97 C 0558
v. )
) Judge John W. Darrah
CITY OF CHICAGO, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mickey R. Grayson ("Grayson"), filed suit against Defendant, City of Chicago ("the City"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000(e), and age discrimination in violation of the Age Discrimination Employment Act of 1967. Subsequently, Defendant's motion for summary judgment was granted. Presently before the Court is the City's Bill of Costs.

"Costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.

The City of Chicago seeks $1,841.95 for various deposition-related costs, including

transcription, condensed transcripts, copying, court reporter attendance fees, and delivery charges.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The applicable Judicial Conference rates for deposition costs are: $3.00 per page for an original transcript, $4 per page for each expedited copy, $0.75 per page for the first copy of a transcript, and $0.50 per page for each additional copy to the same party.

The City of Chicago seeks transcription of depositions at rates of $3.00 and $2.85 per page, copies at a rate of $0.75, court reporter attendance fees of $27.50 per hour, and delivery and handling fees of $3.50 for 3 sets of transcript copies. Plaintiff does not dispute the number of depositions taken or the costs related to the transcription, copying, and court reporter attendance fees.

The original transcription rates of $3.00 and $2.85 per page are at or below the established rate by the Judicial Conference and are awarded. The City is awarded $1,365.45 (306 pages X $3.00 per page) + (157 pages X $2.85 per page) for original transcripts.

The copying rate of $0.75 is at the established rate by the Judicial Conference. Accordingly, the City is awarded $122.25 (163 pages X $0.75 per page) for initial transcript copies.

The court reporter attendance fee of $27.50 is reasonable and is awarded. *See McDonald v. Village of Winnetka*, 2003 WL 1989656 (N.D. Ill. Apr. 30, 2003) (finding court reporter attendance fees of between $35 and $95 per hour as reasonable). The City is awarded a total of $343.75 for court attendance fees.

The City of Chicago seeks $10.50 in delivery/handling charges for the copies of deposition transcripts. While the court may, in its discretion, award incidental costs, including delivery charges,

*Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995), under the Judicial Conference guidelines, postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts. *See Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Antonson v. United Armored Serv., Inc.*, 2002 WL 908424 (N.D. Ill. May 6, 2002); COURT REPORTER MANUAL, ch. 20, pt. 20.9.4. Accordingly, the City of Chicago is not awarded the $10.50 in delivery/handling charges.

Based on the above, the City of Chicago is awarded $1,831.45 ($1,365.45 + $122.25 + $343.75) in deposition costs.

The City seeks $20.00 (4 pages at $5.00 per page) for the transcript of a court proceeding that was necessary for use in the case. The cost of court transcripts is properly assessed under § 1920 if the transcript was necessary for use in the case. *See Weeks*, 126 F.3d at 945. Accordingly, the City is awarded the cost of the transcript of the court proceeding. However, the transcription rate established by the Judicial Conference is awarded, not the $5.00 per page sought by the City. The City is awarded $12.00 for the transcription of the court proceeding.

The City of Chicago seeks $301.80 at the rate of $0.20 per page for 1,510 copies for the cost of photocopying certain pleadings and relevant documents. The total number of documents consists of 867 pages of pleadings and motions filed with the court, which includes the original and copy filed with the court and a copy for the Plaintiff. The remaining 643 pages are documents produced to Plaintiff in discovery and as correspondence.

A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *See Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000); *Jones v. Bd. of Trustees*, 197 F.R.D. 363, 364 (N.D. Ill. 2000). Copy rates of between

$0.10 and $0.20 per page have been found to be reasonable. *See Pendleton v. LaSalle Nat. Bank*, 2002 WL 1880124 (N.D. Ill. Aug. 12, 2002); *Martino v. California Fed. Bank*, 2002 WL 731153 (N.D. Ill. April 24, 2002) (*Martino*); *Kateeb v. Dominick's Finer Foods, Inc.*, 1997 WL 630185 (N.D. Ill. Sept. 30, 1997). Accordingly, the City is awarded $301.80 for photocopying costs.

Based on the above, the City of Chicago's Bill of Costs is granted in part and denied in part. The City of Chicago is awarded a total of $2,145.25.

Dated: August 29, 2003

JOHN W. DARRAH
United States District Judge